FILED
2022 Feb-18  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**AUSTIN RICHARDS,**
**Individually and on behalf of all others**
**similarly situated,**

**Plaintiff,**

**v.**

**AMWASTE, LLC**

**Defendant.**

Case No. _____

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Austin Richards ("Richards" or "Plaintiff"), brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for AmWaste, LLC ("AmWaste" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for AmWaste, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of federal law.

3.      Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per week.

4.      During the relevant time period, AmWaste has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) each week on a routine and regular basis.

5.      Specifically, AmWaste's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6.      The effect of AmWaste's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, AmWaste failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA.

7.      AmWaste knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

8.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11.      Plaintiff Austin Richards ("Richards") was employed by AmWaste in Alabama during the relevant time period. Plaintiff Richards did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.      The FLSA Collective Members are those current and former non-exempt Waste Disposal Drivers who were employed by AmWaste, anywhere in the United States, at any time from February 18, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Richards worked and was paid.

---

[1]  The written consent of Austin Richards is hereby attached as Exhibit "A."

13.     Defendant AmWaste, LLC is a domestic limited liability company, licensed to and doing business in Alabama, and can be served through its registered agent: **C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.**

## III.
## JURISDICTION & VENUE

14.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15.     This Court has personal jurisdiction over AmWaste because the cause of action arose within this District as a result of AmWaste's conduct within this District and Division.

16.     Venue is proper in the Northern District of Alabama because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17.     Specifically, AmWaste's corporate headquarters are located in Sylvan Springs, Alabama, and Plaintiff Richards worked in Sylvan Springs, Alabama throughout his employment with AmWaste, all of which is located within this District and Division.

18.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19.     AmWaste is a full-service solid waste company providing waste collection, recycling, and disposal services to a commercial, industrial, and residential customers across the states of Alabama and Louisiana.[2]

20.     To provide these services, AmWaste employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff and the Putative Class Members.

---

[2] https://www.amwaste.net/about-amwaste.

21.     While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22.     Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by AmWaste for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

23.     Importantly, none of the FLSA exemptions relieving a covered employer (such as AmWaste) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

24.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of AmWaste resulting in the complained of FLSA violations.

25.     AmWaste has a policy wherein it automatically deducts one 30-minute meal period from Plaintiff and the Putative Class Members' daily time.

26.     All Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each workday.

27.     AmWaste was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

28.     When calculating Plaintiff and the Putative Class Members' hours each workweek, AmWaste deducted (and continue to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours, in violation of the FLSA.

29.     In other words, for each 5-day workweek, AmWaste deducted (and continue to deduct) two and a half (2.5) hours from each workweek's total "on-the-clock" hours. For a 6-day

workweek, AmWaste deducted (and continue to deduct) three (3) hours from each workweek's total "on-the-clock" hours.

30.     AmWaste's systematic deduction of the meal periods from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

31.     AmWaste's systematic deduction of the meal periods from actual hours worked in excess of forty (40) hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

32.     As a result of AmWaste's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

33.     AmWaste has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

34.     AmWaste's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

35.     AmWaste knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

36.     AmWaste knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

37.    AmWaste knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

38.    AmWaste actions therefore constitute willful violations under the FLSA and were not made in good faith.

39.    Because AmWaste did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, AmWaste's pay policies and practices violate the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

40.    Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

41.    The FLSA Collective is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR AMWASTE, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 18, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members")**

42.    At all times hereinafter mentioned, AmWaste has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43.    At all times hereinafter mentioned, AmWaste has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44.    At all times hereinafter mentioned, AmWaste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45.     Specifically, AmWaste operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

46.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by AmWaste, these individuals provided services for AmWaste that involved interstate commerce for purposes of the FLSA.

47.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

48.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted AmWaste's customers throughout the United States. 29 U.S.C. § 203(j).

49.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

50.    The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

51.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of AmWaste.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

52.    AmWaste has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

53.    Moreover, AmWaste knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

54.    AmWaste is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

55.    Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted AmWaste to pay them according to the law.

56.    The decisions and practices by AmWaste to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

57.    Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.    COLLECTIVE ACTION ALLEGATIONS

58.    All previous paragraphs are incorporated as though fully set forth herein.

59.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of AmWaste's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

60.    Other similarly situated employees of AmWaste have been victimized by AmWaste's patterns, practices, and policies, which are in willful violation of the FLSA.

61.    The FLSA Collective Members are defined in Paragraph 41.

62.    AmWaste's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of AmWaste, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

63.    Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64.    The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

65.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

66.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and AmWaste will retain the proceeds of their rampant violations.

68.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

70.     Plaintiff respectfully prays for judgment against AmWaste as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 41 and requiring AmWaste to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding AmWaste liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

d.      For an Order awarding the costs and expenses of this action;

e.      For an Order awarding attorneys' fees;

f.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.      For an Order awarding Plaintiff Richards a service award as permitted by law;

h.      For an Order compelling the accounting of the books and records of AmWaste, at AmWaste's expense; and

     i.  For an Order granting such other and further relief as may be necessary and

appropriate.

Date:  February 18, 2022      Respectfully submitted,

               **HARDIN & HUGHES, LLP**

           By:  */s/ David A. Hughes*
               **David A. Hughes** (ASB-3923-U82D)
               dhughes@hardinhughes.com
               2121 14th Street
               Tuscaloosa, Alabama 35401
               Telephone: (205) 523-0463
               Facsimile: (205) 344-6188

               **ANDERSON ALEXANDER, PLLC**

           By:  */s/ Clif Alexander*
               **Clif Alexander** *(Pro Hac Vice Anticipated)*
               Texas Bar No. 24064805
               clif@a2xlaw.com
               **Austin Anderson** *(Pro Hac Vice Anticipated)*
               Texas Bar No. 24045189
               austin@a2xlaw.com
               819 N. Upper Broadway
               Corpus Christi, Texas 78401
               Telephone: (361) 452-1279
               Facsimile: (361) 452-1284

               ***Attorneys in Charge for Plaintiff and Putative Collective/Class Members***